IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MSSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SHERMAN MATLOCK ) | |
| ) | Civil Action No. 3:20-cv-381-HTW-LRA |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT ATTORNEY | |
| JOHN K BRAMLETT, JR. | |
| in his official and individual capacity; ) | |
| MAX MAYES in his individual ) | |
| Capacity; and JOHN DOES 1-5 ) | |
| ) | |
| **Defendants**. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through his attorney, allege as follows:

### I. PRELIMINARY STATEMENT

1.  This is a civil action brought pursuant to *inter alia*, 42 U.S.C § 1983 that seeks to remedy the unconstitutional deprivation of Plaintiff's statutory and constitutional rights as well as obtain prospective injunctive relief. The conduct by Defendants, acting in concert with their officers, agents, servants, and all other persons in active concert or participation, violated Plaintiff's rights, privileges, and immunities under the United States Constitution, as amended, specifically numerous violations of the Fourth Amendment and the Fourteenth Amendment.

2.  Plaintiff also brings the supplemental state law claim of malicious prosecution, and false imprisonment.

3.  Plaintiff seeks nominal, actual, compensatory and punitive damages against both Defendants for the flagrant, willful, knowing, violation of her constitutionally protected rights and

violations of federal statutes, as well as the costs of litigation, including reasonable attorney's fees.

4. Plaintiff further seeks to ensure that the constitutional rights of herself and others are protected and that the Defendants are prevented from continuing to violate the rights of other persons in Madison County.

## II.    JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3)(4), which confers original jurisdiction on federal district courts to redress the deprivation of rights, privileges and immunities as stated herein.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## III.    VENUE

7. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. § 1391(b), because a majority of the claims arise in Madison County, Mississippi.

## IV.    IDENTIFICATION OF PARTIES

8. Plaintiff, Sherman Matlock, is an adult resident of Madison County, Mississippi.

9. Defendant John Bramlett, Jr. is the District Attorney for the Madison County Court. He is sued in his individual and official capacity and may be served with process through Ronnie Lott at 146 W. Center Canton, MS 39046.

10. Defendant Max Mayes, who is sued in his individual capacity, is/was an investigator for Madison County and may be served with process through Ronnie Lott at 146 W. Center Canton, MS 39046

## V. STATEMENT OF FACTS

11. On or about December 6, 2018, officers with the Madison County Sheriff's arrested and charged Sherman Matlock with voter fraud and voting by unqualified person after he was indicted by a Madison County grand jury.

12. In order to secure both the arrest and the grand jury indictment, of Plaintiff and/or others during this same time, the Madison County District Attorney's office and its employees and agents, failed to present exculpatory evidence and upon information and belief did present false statements to the grand jury. According to the indictment, Sherman Matlock was not eligible to vote "having been previously convicted of Manslaughter, a disenfranchising crime, on the 7th day of July 1993, in violation of Miss. Code Ann §§ 23-15-753 and 23-15-627 (1972, as amended)." However, Manslaughter was not a disenfranchising crime when Sherman Matlock was arrested on December 6, 2018.

13. Each Defendant who worked at the Madison County Prosecutor's office, ignored information that demonstrated that Plaintiff was not guilty of either of the charges that formed the basis of the Madison County Sheriff's Department's decision to arrest Matlock. Each of these defendants completely discredited and/or disregarded exculpatory evidence that corroborated Plaintiff's innocence. Although each Defendant had information that demonstrated the innocence of Plaintiff several months earlier, it was not until May 6th 2019, that the Madison County Prosecutor's office filed a motion to nolle prosequi the indictment against Matlock because it could not meet its burden of proof.

14. Given the facts of the case, it was very apparent that Matlock should have never been arrested or charged for the crimes that were eventually dropped in May 2019. In fact, this same office inexplicably caused the arrest of others without probable cause at or around the same time as

Plaintiff based on voter fraud charges but then later dropped the same as well based on exculpatory information in its possession at the time of the charges.

15. As a direct and proximate result of the conduct of each Defendant, Matlock's reputation in the community has been permanently damaged.

16. But for the Defendants' intentional actions, private and intimate details regarding Matlock's investigation would have remained private.

### COUNT ONE: 42 U.S.C. 1983
### (Fourth Amendment/Fourteenth Amendment-Unlawful Seizure/Due Process Violations
### (Against Each Defendant)

17. All prior paragraphs of the Complaint are incorporated herein by reference.

18. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiff's right to be free from an unlawful seizure of his person.

19. Each Defendant had an affirmative duty to prevent such intrusions.

20. Defendants, acting without authority, knowingly and unlawfully caused the seizure and incarceration of Plaintiff without probable cause. In addition, the Madison County District Attorney's Office has an official policy, practice, or custom of causing said seizures/false arrests, and due process violations as it has been deliberately indifferent to training subordinates to prevent these types of violations. As mentioned, the Madison County District Attorney's Office, on or about the subject time frame, did cause the arrest of other individuals whereby they also failed to present exculpatory evidence in securing their indictments but subsequently dismissed similar allegations of voter fraud based on information in its possession at the time of the indictments. In doing so, the dismissal of charges were not predicated on newly discovered evidence and the lack of probable cause for the subject charges was always apparent.

### COUNT TWO: MALICIOUS PROSECUTION
### (Against Individual Defendants)

21. The individual Defendants maliciously instituted the criminal proceedings against

Plaintiff that terminated in Plaintiff's favor whereby the facts in the possession of the Defendants clearly established there was no probable cause for these proceedings at the outset. In fact the conduct of Defendants was willful, wanton, and demonstrated a callous disregard for Plaintiff's rights.

22. As a result of Defendants actions, Plaintiff suffered injury to his reputation, as well as severe mental anguish.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Court:

a. Declare that Defendants' actions, as herein described, violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution;

b. Award appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

c. Award Plaintiffs nominal and actual damages for Defendants violation of their constitutional and statutory rights;

d. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

e. Punitive damages for all claims allowed by law in an amount to be determined at trial;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq., and

h. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

Respectfully submitted this the 4th day of June, 2020

*/s/ Volney Brand*
Brand Law PLLC
MSB #105767

Volney Brand, MS Bar 105767
Brand Law, PLLC
3626 N Hall Ste 610
Dallas, Tx 75219
T: (708) 288-6849
volney@brandlaw.us.com